# UNITED STATES DISTRICT COURT
for the
District of Connecticut

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>One Black and Red Verbatim USB Thumb Drive | Case No. 3:25-mj-__88__ (RMS) |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:    Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____ District of ____Connecticut____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A, which is incorporated herein by reference.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B, which is incorporated herein by reference.

**YOU ARE COMMANDED** to execute this warrant on or before ____February 14, 2025____ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.    ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to ____Hon. Robert M. Spector, USMJ____.
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*    ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:   01/31/2025 10:42 am      **Robert M Spector**   Digitally signed by Robert M Spector
                                                                                              Date: 2025.01.31 10:42:52 -05'00'
                                                                                     *Judge's signature*

City and state:   New Haven, Connecticut          Hon. Robert M. Spector, U.S. Magistrate Judge
                                                                                            *Printed name and title*

| **Return** | | |
|---|---|---|
| Case No.:<br>3:25-mj-_____ (RMS) | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name(s) of any person(s) seized: | | |

**Certification**

    I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.


Date: _____

                                                               *Executing officer's signature*

                                                                 *Printed name and title*

# ATTACHMENT A

## Property to Be Searched

The property to be searched is a black and red Verbatim USB thumb drive which is presently in the custody of the United States Department of Homeland Security, Homeland Security Investigations, at 150 Court Street, Suite 650, New Haven, Connecticut 06510.



# ATTACHMENT B

## Particular Things to be Seized

All records and information on the TARGET DRIVE, as described in Attachment A, that relate to violations of 18 U.S.C. §§ 2252A(a)(2) (receipt and/or distribution of child pornography) and 2252A(a)(5)(B) (possession of child pornography) (together, the "TARGET OFFENSES"), for the time period from January 4, 2021, to the date this warrant is executed, including, but not limited to, the following:

1. Any photographs, images, videos, and other items, in any format, depicting child pornography, as defined in 18 U.S.C. § 2256, including any associated metadata and/or EXIF information;

2. Records of internet activity, including logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any internet search engine, and records of user-typed web addresses related to the TARGET OFFENSES;

3. All notes, documents, records, correspondence, and materials, in any format and media (including, but not limited to e-mail, text messages, and online messaging), pertaining to the TARGET OFFENSES;

4. Evidence of who used, accessed, owned, or controlled the subject of the forensic examination that was conducted and placed on the TARGET DRIVE (the "PHONE"), such as, but not limited to, logs, registry entries, configuration files, saved usernames and passwords, browsing history, user profiles, email, email contacts, photographs, and correspondence;

5. Evidence indicating how and when the PHONE was accessed or used, including the geographic location of the device when it was accessed or used;

6. Records of or information about internet protocol addresses used by the PHONE;

7. Records and information concerning online storage or other remote computer storage, including, but not limited to, applications used to access such online storage or remote computer storage and user logs or archived data that show connection to such online storage or remote computer storage;

8. Evidence of the PHONE's attachment to other storage devices;

9. Information, documents, records, photos, videos, or correspondence, in any format or medium, pertaining to use or ownership of PHONE or that aid in the identification of persons involved in violations of the TARGET OFFENSES;

10. Evidence of software that would allow others to control the PHONE, such as

malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software and evidence of the lack of such malicious software;

11. Evidence of counter-forensic programs;

12. Contextual information necessary to understand the evidence described in this attachment.